1  **HENNESSY LAW GROUP**
   Timothy Hennessy State Bar No. 286317
2  1217 L Street
   Bakersfield, CA 93301
3  Tel: (661) 237-7179
   Fax: (661) 742-1898
4  Email: tph@hennessyatlaw.com

5  Attorney for Christohper Eugene Guilford

6

7                      UNITED STATES DISTRICT COURT

8                      EASTERN DISTRICT OF CALIFORNIA

9

10  UNITED STATES OF AMERICA,              CASE NO: 1:24-CR-00022-JLT-SKO

11                        Plaintiff,       STIPULATION TO VACATE TRIAL DATE AND
                                           CONTINUE STATUS CONFERENCE; ORDER
12          v.
                                           DATE: July 17, 2024
13  CHRISTOPHER EUGENE GUILFORD,           TIME:  1:00 p.m.
                                           COURT:  Hon. Sheila K. Oberto
14                        Defendant.

15

16         THE PARTIES HEREBY STIPULATE, through their respective attorneys of record, Assistant

17  United States Attorney Brittany M. Gunter, counsel for the government, and Timothy Hennessy, counsel

18  for Christopher Eugene Guilford ("the defendant"), that this action's 1) **trial date set for August 27,**

19  **2024 be vacated**, and 2) the **July 17, 2024, at 1:00 p.m, status conference be continued to August 21,**

20  **2024, at 1:00 p.m.**  The parties likewise ask the court to endorse this stipulation by way of formal order.

21         The parties base this stipulation on good cause.  Specifically,

22         1.  The grand jury returned a superseding indictment regarding this matter on February 22, 2024.

23             ECF 3.  The defendant had his initial appearance and arraignment on the superseding

24             indictment on April 4. ECF 8.  Since that time, the parties agreed to and presented to the

25             court a stipulation and proposed protective order regarding the production of third parties'

26             personal information without redactions, which the court endorsed by way of formal order on

27             April 17. ECF 15.  The government then prepared and delivered an initial set of discovery to

28                                              1

defense counsel within the time limits set forth by Eastern District of California Local Rule 440.

2. The government produced supplemental discovery to the defense on May 14 and June 17, 2024. The defense is and has been reviewing discovery thus far provided.

3. The government currently believes all discovery has been produced pursuant to Rule 16. If the government identifies additional information that should be produced as supplemental discovery, the government will promptly produce it in accord with Rule 16.

4. On May 15, 2024, at the first status conference, and at the defendant's request, the case was set for trial. The parties agreed to set the trial for August 27, 2024. ECF 20. A status conference was also set for July 17, 2024. ECF 20. The defendant verbally confirmed to the court at the status conference that he was amendable to an exclusion of time through the August 27 trial date.

5. Since setting the trial date, defense counsel has indicated that he has communicated with the defendant on several occasions regarding the amount of time needed to prepare for the trial, the need for additional investigation to prepare a defense, specific areas of investigation that need to be completed, the complex nature of the case, and potential negotiations with the government to resolve the case by a plea agreement. Defense counsel spoke with the defendant regarding these matters multiple times over the last week. Defense counsel and the defendant agreed that these tasks need to be completed prior to any trial to effectively prepare his defense.

6. Defense counsel has limited availability between now and the trial date as currently set. Counsel is engaged in a murder trial scheduled to go through August 9, 2024. Defense counsel and the defendant agree that additional time is needed to prepare for a trial. The defendant believes it is in his best interest and necessary to avoid a miscarriage of justice to vacate the trial date and continue the status conference to Wednesday, August 21, 2024, to allow time for further investigation into specific areas related to his defense, for further review of discovery, and to continue negotiations with the government.

2

7.  Defense counsel joins in the defendant's request to vacate the trial date and to continue the status conference to August 21, 2024.  Defense counsel believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

8.  The government does not oppose vacating the trial date and continuing the status conference to August 21 to allow for defense preparation and continued negotiations.

9.  Time was previously excluded through August 27, 2024.  Out of an abundance of caution, the parties stipulate that the period of time from July 17 , 2024, through and including August 21, 2024, is excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the court at the parties' request on the basis of the court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO STIPULATED.


Dated:  July 1, 2024

By:  /s/ BRITTANY M. GUNTER
BRITTANY M. GUNTER
Assistant United States Attorney


Dated: July 1, 2024

By: /s/TIMOTHY P. HENNESSY
TIMOTHY P. HENNESSY
Attorney for Mr. Guilford

3

**O R D E R**

IT IS ORDERED that the August 27, 2024, trial date is hereby **VACATED**.

IT IS FURTHER ORDERED THAT the status conference currently set for July 17, 2024, at 1:00 pm is continued until **Wednesday, August 21, 2024, at 1:00**.

IT IS FURTHER ORDERED THAT the period of time from July 17, 2024, through and including August 21, 2024, is excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.


IT IS SO ORDERED.


Dated: 7/1/2024                                   _Sheila K. Oberto_
                                                  United States Magistrate Judge

4