**HENNESSY LAW GROUP**
Timothy Hennessy State Bar No. 286317
1217 L Street
Bakersfield, CA 93301
Tel: (661) 237-7179
Fax: (661) 742-1898
Email: tph@hennessyatlaw.com

Attorney for Christohper Eugene Guilford

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>CHRISTOPHER EUGENE GUILFORD,<br><br>　　　　　　　Defendant. | CASE NO: 1:24-CR-00022-JLT-SKO<br><br>STIPULATION AND ORDER TO VACATE STATUS, SET TRIAL DATE AND TRIAL CONFIRMATION HEARING, AND EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT; ORDER<br><br>DATE: October 30, 2024<br>TIME: 1:00 p.m.<br>COURT: Hon. Sheila K. Oberto |

　　　　THE PARTIES HEREBY STIPULATE, through their respective attorneys of record, Assistant United States Attorney Brittany M. Gunter, counsel for the government, and Timothy Hennessy, counsel for Christopher Eugene Guilford ("the defendant"), that 1) **a trial date be set for January 21, 2025**, 2) **a trial confirmation hearing be set for January 6, 2025,** and 3) the **status hearing set for October 30, 2024 be vacated.**  The parties likewise ask the court to endorse this stipulation by way of formal order.

　　　　The parties base this stipulation on good cause.  Specifically,

1. The grand jury returned the Superseding Indictment on February 22, 2024.  Mr. Guilford was arraigned on April 4, 2024
2. Defense counsel was appointed on April 15, 2024.
3. Since being assigned to the case, defense counsel has communicated with the defendant on several occasions regarding the amount of time needed to prepare for the trial, the need for

1

additional investigation to prepare a defense, specific areas of investigation that need to be completed, the complex nature of the case, and potential negotiations with the government to resolve the case by a plea agreement.

4. Mr. Guilford has insisted on trial since his first appearance. Defense counsel has explained to Mr. Guilford that all efforts will be made to get prepared to effectively represent Mr. Guilford in a timely manner.

5. Negotiations came to halt roughly 3 weeks ago. **Mr. Guilford then notified defense counsel that he wants his trial as soon as possible and will not give counsel anymore time to prepare**.

6. Since being assigned to Mr. Guilford roughly 6 months ago, defense counsel has been engaged in two lengthy homicide trials. The most recent homicide trial ended on October 21, 2024.

7. While defense counsel has made time to review much of the discovery, and discuss the case nearly weekly with Mr. Guilford, there still remains supplemental discovery to review, potential expert consulation, investigation, and research regarding novel legal issues and potential defenses.

8. The case is complex in that it requires not only understanding the Government's theory and application of the tax code, but also Mr. Guilford's filings, business structures, and own understanding and applications of the tax code.

9. Considering the amount of work left to do on this case, the soonest defense counsel will be able to effectively represent Mr. Guilford at trial is **January 21, 2025**.

10. This will require immense due diligence and dedicated preparation over the next two and a half months. Defense counsel has made arrangements for his schedule to allow this dedication to Mr. Guilford's case.

11. Defense counsel has explained in great detail multiple times what is still needed to be done before being adequately prepared for trial. **Mr. Guilford still objects to any further time for defense counsel to prepare**.

12. Based on the date of the arraignment on the Superseding Indictment and prior exclusions of time under the Speedy Trial Act, this case must be brought to trial by Wednesday, January 8, 2025.  The parties are requesting that the court exclude three weeks of time, between October 30, 2024, which is the end date of the prior exclusion of time, and November 20, 2024, for defense preparation, including review of the over 22,000 pages of discovery, consultation with experts, further necessary investigation related to Mr. Guilford's defense, and research regarding novel legal issues and potential defenses.  Defense counsel believes the ends of justice are served by excluding such time and outweigh the best interest of the public and Mr. Guilford in a speedy trial, as the exclusion of time is necessary for preparing an effective defense. Moreover, the request is for only three additional weeks.

13. Federal Courts have routinely held that continuances being sought by counsel do not require the consent of the defendant as long as the ends of justice being served by the continuance outweight the best interest of the public and defendant in a speedy trial. *See United States v. Lynch*, 726 F.3d 346, 353 (2d Cir. 2013); *see also Norales v. United States*, No. SACV 16-01550 JLS, 2017 U.S. Dist. LEXIS 114289, at *16 (C.D. Cal. July 21, 2017) (holding that within the Speedy Trial Act's exclusion provisions it is clear that defense counsel has the power to seek a continuance without first informing his client or obtaining his client's personal consent).

14. This request is reasonable considering defense is asking for an additional three weeks, and is preparing for a trial date just nine months after being assigned this case. Especially so considering the complex nature and vast amount of discovery.  The parties are further requesting an exclusion of time of only three more weeks.  If granted, the case must be brought to trial by January 29, 2025.  The parties are requesting that the Court set the case for trial to begin on January 21, 2025, which is within the seventy-day time period under the Speedy Trial Act.

15. This request equitably balances Mr. Guilford's speedy trial right, with the ends of justice in ensuring defense counsel is prepared to effectively represent Mr. Guilford.

16. Defense counsel believes that failure to grant the above-requested trial date would deny Mr. Guilford effectively prepared Counsel.

17. Time was previously excluded through October 30, 2024. As indicated above, the parties stipulate that the period of time from October 30, 2024, through November 20, 2024, is excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the court at the parties' request on the basis of the court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18. Upon excluding time, the parties jointly request that the Court set the case for trial on January 21, 2025, with a trial confirmation hearing on January 6, 2025.

IT IS SO STIPULATED.

Dated: October 23, 2024

By: /s/ BRITTANY M. GUNTER
BRITTANY M. GUNTER
Assistant United States Attorney

Dated: July 1, 2024

By: /s/TIMOTHY P. HENNESSY
TIMOTHY P. HENNESSY
Attorney for Mr. Guilford

4

**O R D E R**

The parties' stipulation states that "**Mr. Guilford still objects to any further time for defense counsel to prepare.**" Despite this provision, the parties set forth a stipulation for exclusion of time. (*See* Paragraph 17.)

In light of this inconsistency, the parties' request for vacating the status conference set for October 30, 2024, is DENIED.  The parties shall appear at the October 30, 2024, status conference.

IT IS SO ORDERED.

Dated:   **October 24, 2024**                    /s/ *Sheila K. Oberto*
                                                                UNITED STATES MAGISTRATE JUDGE