MICHELE BECKWITH
Acting United States Attorney
BRITTANY M. GUNTER
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, Ca 93721
Telephone: (559) 497-4000
Facsimile:  (559) 497-4099

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER EUGENE GUILFORD,<br><br>Defendant. | CASE NO: 1:24-CR-00022-JLT-SKO<br><br>STIPULATION TO CONTINUE HEARING TO ADDRESS COMPETENCY REPORT; ORDER |

THE PARTIES HEREBY STIPULATE, through their respective attorneys of record, Assistant United States Attorney Brittany M. Gunter, counsel for the government, and Timothy Hennessy, counsel for Christopher Eugene Guilford ("the defendant"), that the **hearing to address the competency report be continued from April 7, 2025, to April 21, 2025, at 9:00 a.m.** The parties likewise ask the court to endorse this stipulation by way of formal order.

The parties base this stipulation on good cause. Specifically,

1. On January 10, 2025, the defendant's counsel filed a motion to determine competency of the defendant. ECF 84. The government filed a statement of non-opposition related to the motion. ECF 85.

2. On January 14, 2025, the Court issued an order for psychiatric or psychological examination. ECF 89. In that order, the Court found that time was excluded between the date of the filing

1

of the motion to determine competency through the resolution of the motion pursuant to 18 U.S.C. § 3161(h)(1)(A) and (D). ECF 89.

3. On January 31, 2025, the Bureau of Prisons ("BOP") submitted a letter to the Court requesting a 15-day extension to evaluate the defendant. ECF 93. The letter indicated that the evaluation would be completed by March 14, 2025, and the report would be submitted to the Court by April 4, 2025. ECF 93.

4. On March 26, 2025, the Court provided the parties with the competency evaluation report. The Court then set the case for a hearing on April 7, 2025, to address the competency report. ECF 96.

5. Defense counsel is out of the country and unavailable for the April 7, 2025, hearing as scheduled.

6. The parties conferred and consulted with the courtroom deputy about availability for a hearing on April 21, 2025. The parties and the Court are available for a hearing that day.

7. Accoridngly, defense counsel requests that the hearing be continued from April 7, 2025, to April 21, 2025, so he can appear with the defendant at the hearing. Further, defense counsel needs additional time to review the competency report and consult with the defendant about the report prior to the hearing. Defense counsel believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation for the hearing, taking into account the exercise of due diligence.

8. The parties therefore stipulate that the period of time from March 27, 2025, through April 21, 2025, is excludable pursuant to 18 U.S.C. §§ 3161(h)(1)(A) and (D), 3161(h)(7)(A), and 3161(h)(7)(B)(i) and (iv) because it constitutes delay resulting from a proceeding to determine the mental competency of the defendant, delay resulting from the pretrial motion to determine competency, and from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice

///

served by taking such action outweigh the best

IT IS SO STIPULATED.

Dated: March 27, 2025     MICHELE BECKWITH
Acting United States Attorney

By: /s/ BRITTANY M. GUNTER
BRITTANY M. GUNTER
Assistant United States Attorney

Dated: March 27, 2025     By: /s/ TIMOTHY HENNESSY
TIMOTHY HENNESSY
Counsel for Defendant

## O R D E R

IT IS ORDERED that the **hearing to address the competency report is continued from April 7, 2025, to April 21, 2025, at 9:00 a.m**.

IT IS FURTHER ORDERED THAT the period of time from March 27, 2025, through and including April 21, 2025, is excluded pursuant to 18 U.S.C. §§ 3161(h)(1)(A) and (D), 3161(h)(7)(A), and 3161(h)(7)(B)(i) and (iv) because it constitutes delay resulting from a proceeding to determine the mental competency of the defendant, delay resulting from the pretrial motion to determine competency, from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated: **March 27, 2025**　　　　　　　　　　　　　　　/s/ Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE

3