**HENNESSY LAW GROUP**
Timothy P. Hennessy, SBN 286317
1217 L. Street
Bakersfield, CA 93301
Tel: (661)237-7179
Email: tph@hennessylawgroup.com

Attorney for Defendant:
CHRISTOPHER GUILFORD

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:24-CR-00022-1-JLT |
| Plaintiff, | DEFENDANT'S MOTION IN LIMINE |
| v. | HEARING DATE: AUGUST 18, 2025 |
| CHRISTOPHER GUILFORD, | TIME: 2:00 PM |
| Defendant | HONORABLE JUDGE THURSTON |

**DEFENDANT'S MOTION IN LIMINE**

Mr. Guilford, defendant, requests that his motions to the court be considered. They will be attached as exhibits to this motion for the court's consideration.

Exhibit A Dismissal due to fraudulent subpoenas

Exhibit B Dismissal for lack of jurisdiction

Exhibit C Dismissal for failure to state an offense and lack of specificity

Exhibit D Dismissal due to deprivation of right to testify at grand jury trial

Exhibit E Motion to copy and inspect grand jury records

Exhibit F Dismiss superseding indictment

Exhibit G Dismissal due to vindictive prosecution, multiplicity, and preindictment delay

/

//

//

Defendant, through his attorney, also moves to preclude the government from:

(1) Offering evidence of defendant's prior bad acts, prior convictions, and current state charges;

(2) Offering evidence of child support and any unpaid child support;

(3) Offering evidence of defendant's bankruptcy;

(4) Offering evidence of any First American Title documents.

## ARGUMENT

**A.    The government should be precluded from bringing in evidence of defendant's prior bad acts, prior convictions, and current state charges.**

In *United States v. Nsahlai*, 121 F.4th 1052 (4th Circ. 2024), the court affirmed the lower court's ruling that it "did not abuse its discretion in excluding Nsahlai's allegations that Kindambu abused her" during a PPP fraud scheme because the court found it an "equally apparent concern would be the risk of confusing the issues and misleading the jury, which was charged with ascertaining Nsahlai's culpability for the charged offenses […]" *Id*. at 1060-1061

Material in this case's discovery shows the potential of the government to bring in evidence of Mr. Guilford's criminal history through charging documents, RAP sheets, witness testimony from his ex-wife or ex-girlfriends, etc. This history entails domestic violence, burglary, vehicle theft, assault, and resisting/obstructing arrest. This evidence would substantially prejudice Mr. Guilford in the eyes of the jury and are irrelevant as to the current charges of defrauding the government through frivolous tax returns. This information has no probative value and instead would risk influencing the jury to make decisions based on Mr. Guilford's character rather than evidence related to the charged offenses. Additionally, a significant portion of Mr. Guilford's criminal history occurred 19 years ago and lacks a sufficient link to the charged offenses under a 609(b) analysis.

**B.    The government should be precluded from offering evidence of unpaid child support.**

In *United States v. Dixon*, 413 F.3d 540 (6th Circ. 2005), the court recognized the validity of prohibiting the testimony of a witness that would elicit information about spousal abuse and nonpayment of child support when the case concerned the attempted bank extortion. *Id*. at 546

Discovery provided included evidence of unpaid child support. This would substantially prejudice Mr. Guildford and offers no insight into the current charges. In contrast, it would risk influencing the jury to make decisions based on Mr. Guilford's character rather than the evidence related to the charged offenses.

**C.    The government should be precluded from offering evidence of defendant's bankruptcy.**

In *United States v. Mitchell*, 172 F.3d at1108 the court stated "Poverty as proof of motive has in many cases little tendency to make theft more probable. Lack of money gives a person an interest in having more. But so does desire for money, without poverty. A rich man's greed is as much a motive to steal as a poor man's poverty. Proof of either, without more, is likely to amount to a great deal of unfair prejudice with little probative value." *Id*. at 1108–09; see also *United States v. Romero-Avila*, 210 F.3d 1017, 1021-22 (9thCir.2000) (government conceded error regarding argument that poverty motivated the defendant to commit the offense).

The argument that poverty provides a motive to steal is not accepted by the courts and should not be accepted in this instance as it is more prejudicial than probative.

**D.    The government should be precluded from offering evidence of documentation coming from First American Title.**

Discovery provided included evidence of a check written to First American Title that was unable to be cashed by the company. This has no probative value as to the current charges and impermissibly attempts to establish Mr. Guilford's propensity to defraud. This is highly prejudicial and risks influencing the jury to make decisions based on Mr. Guilford's character rather than the evidence related to the charged offenses.

## **CONCLUSION**

For the foregoing reasons the Defendant, Christopher Guilford, respectfully asks the Court to preclude evidence and testimony, as outlined above, as it is irrelevant and substantially more prejudicial than probative.

Dated: August 15, 2025

Respectfully Submitted,

*/s/ Timothy P. Hennessy*
Timothy P. Hennessy
Attorney for Defendant
CHRISTOPHER GUILFORD

1
2
3
4
5
6                                    Exhibit A
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

10/14/2024



United States Courts
Clerk of the Court
2500 Tulare Street, Room 1501
U.S. Courthouse Building
Fresno, California 93721

Re: Case No.: 1-24-cr-00022-JLT-SKO

Notice of Motion and Motion before the United States District Court Eastern District of California to
Issue a Court Order of Dismissal or Alternatively, In Limine to Exclude Government Agents' Evidence
and Testimony, and for Rule 404 (b) and 801(c) of the Federal Rules of Criminal Evidence.

## Summary and Introduction

This comes before the Court now, the Defense motion to dismiss a thirteen-count indictment returned
against the defense on February 22, 2024 by the Grand Jury for the Eastern District of California. On
February 22, 2024, a Grand Jury charged (GUILFORD), with False Claims against the United States in
violation of 18 U.S.C. Section 287 (one count) 26 U.S.C. Section 7206(1) Filing a False Tax Return
(nine counts) 26 U.S.C. Section 7301, 7302, Title 28 U.S.C. 2461(c) Criminal Forfeiture.

## Legal Standard

At these proceedings the government bears the burden of establishing that: (1) the summons was issued
in an investigation being conducted pursuant to a legitimate purpose; (2) the information summoned is
relevant to the investigation; (3) the information sought is not already in the IRS' possession; and (4)
the administration steps required by the Internal Revenue Code have been followed. See U.S. v. Powell,
379 U.S. 48, 57-58, 85 S. Ct. 248, 13 L. Ed. 2D 112 (1964). The governments' burden, while not great,
is not non-existent; United States V. Goldman 637 F. 2d 664, 667 (9th Cir. 1980). The agents mere
assertion of relevance may not satisfy the governments' burden. See id. "Once a summons is
challenged, it must be scrutinized by a court to determine whether it seeks information relevant to a
legitimate investigative purpose. The cases show that the federal courts have taken seriously their
obligation to apply this standard to fit particular situations, either by refusing enforcement or narrowing
the scope of the summons." Goldman, 637 F. 2d at 668 Citing United States v. Bisceglia, 420 U.S. 141,
146 95 S. Ct. 915, 43 L. Ed. 2d. 88 (1975).

The Court may inquire into the reasons for the examination so as to prevent abuse from the
enforcement of a summons. See Goldman, 637 F. 2d at 666. Once the government meets its initial
burden, the burden shifts to the taxpayer to show that enforcement of a summons would be an abuse of
the courts process, or that the summons was issued for an improper purpose. See Barker, 1990 WL
141959 at *1. The IRS has broad investigatory powers that are set forth in section 7601 of the Internal
Revenue Code. See Title 26 U.S.C. Section 7601-7610. The principle provision is section 7602, which
permits the IRS to issue a summons to compel production of books and records and/or to take the
testimony of the taxpayer party for any statutorily authorized purpose. See 26 U.S.C. section 7602.

Discussion

The defense motion is founded upon the decision of the fourth circuit court of United States v. Heffner, 420 F. 2d. 809 (1970), and the first circuit court court in United States v. Leahey, 434 F. 2d 7 (1970. In Heffner, that court reversed the tax fraud conviction "because the agent had not warned the defendant that the agent was investigation the possibility of criminal tax fraud, nor did the agent advised the defendant that he could retain could retain counsel 420 F. 2d at 810. The court held that an agency of the government must scrupulously observe rules, regulations, or procedures which it has established. When it fails to do so, it's action can not stand and the courts will strike it down. This doctrine was announced in United States Ex. Rel. Accardi v. Shaughnessy, 347 U.S. 260, 74 S. Ct. 499, 98 L. Ed. 681 (1954).

The defendant has indeed shown both the governments' control over specific evidence and bad faith, in his motion to dismiss for Rule 12(b)(3)(A)(v) dated 09/04/2024, as to the prohibited decision to summons him to a Jury trial after making recommendation to the Department of Justice to indict him, and by subsequently arresting him at his home without first properly notifying him that his tax returns were under review and investigation. Defense hereby request for the record an evidentiary hearing and for all interrogatories, and fro a re-determination on finding probable cause. An evidentiary hearing is required in regard to any claims that are supported by specific factual allegation unrepelled by the record, and that would warrant relief if true. (Evan v. State, 117 Nov. F09, 621, 28 p. 3d 498, 507 (2001); and Grand Jury proceeding maybe challenged by filing a motion for a new finding of probable cause on the grounds defendant was denied a substantial procedural or Constitutional right.

The tenth circuit has observed that to be entitled to hearing the taxpayer party must have "factually opposed the governments' allegations, United States v. Balanced Financial Management, Inc., 769 F. 2d 1440, 1444 (10th Cir. 1985). A taxpayer is not entitled to an evidentiary hearing unless he or she presents some "minimum amount of evidence" to support a contention of a lack of good faith. Accordingly, federal agencies and their agents must substantially comply with the written rules, regulations, policies, and procedures governing the investigation of tax crimes. (citing United States v. Matthews, 464 F. 2d 1268, 1269-70 (5th cir. 1972).

The foregoing, in addition to missing exculpatory evidence in earlier motions described by the defendant deprives the defense of critical information and documents that could provide for impeachment of testimony and the missing material in this case are inextricably linked with the question of defense innocence. The defense thus conclusively asserts that the government, from the outset, acted in bad faith, by violating it's own guidelines, by obtaining evidence and thereby violating defense due process and constitutional rights.

In Rodgers v. United States, 158 F. Supp 670 (S.D. Cal. 1958), it was held that, "Every defendant must necessarily have the unfettered right under any conceivable set of facts, to present to the court for a hearing and determination, in an orderly manner his contention that evidence has been obtained in violation of his constitutional rights is in the possession of federal officers, and that such officers propose to use such evidence against him and the moving party has a plain, speedy and adequate remedy at law by filing a post indictment motion (reference found in Rule 41(e)). Title 18 U.S.C. Section 2518 (10)(a): states, any aggrieved person in any trial, hearing or proceeding in or before any court, department, officer, agency, regulatory body, or other authority of the United States may move to suppress the contents of any...evidence derived therefrom on grounds that, (iii) "it was not made in conformity with the order of authorization or approval.

IRS Published Procedures subsequent tot he Supreme Court's decision in Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2D 694 (1966), the Internal Revenue Service published two news releases announcing procedures to be followed by special agents of their intelligence division in advising taxpayers of their Constitutional rights. On October 3, 1967, the IRS issued News Release No. 897, which states: In response to a number of inquiries, the Internal Revenue Service today described its procedures for protecting the Constitutional rights of people suspected of criminal tax fraud, during all phases of its investigations.

Investigations of all criminal tax fraud is conducted by special agents of the IRS Intelligence Division. This function differs from the work of revenue agents and tax technicians who examine returns to determine the correct tax liability. Instructions issued to the IRS agents go beyond most legal requirements to assure that people are advised of their Constitutional rights. On initial contact with a taxpayer, IRS special agents are instructed to produce their credentials and state: "As a special agent, I have the function of investigating the possibility of criminal tax fraud."

If the potential criminal aspects of the matter are not resolved by preliminary inquiries, and further investigation becomes necessary, the  special against is required to advised the taxpayer of his constitutional rights to remain silent and to retain counsel. IRS said although many special agents had in the past advised people, not in custody, of their privilege to remain silent and retain counsel, they recently adopted procedures to insure uniformity in protecting the Constitutional rights of all people.

On November 26, 1968, the IRS issued News Release No.: IR-949 stating in pertinent part: "This new procedure goes beyond most legal requirements that are designed to advise people of their rights. One function of a special agent is to investigate possible criminal violations of the Internal Revenue Laws. At the initial meeting with a taxpayer, a special agent is now required to identify himself, describe his function and advise the taxpayer that anything he says may be used against him. The special agent will also tell the taxpayer that be can not be compelled to incriminate himself by answering or producing any documents, that he has the right to seek the assistance of an attorney before responding."

The issue before this court is whether evidence obtained by means of personal interviews with the defendant and examination of his financial records should be suppressed because of the claimed failure of the IRS special agent to undeviatingly follow these published directives of his own agency. In State v. Eder, 103 N.M. 211, 704 P. 2d 465, 1985 NMCA 76 (N. M. App. 1985), The trial court granted defendant's motion to suppress evidence and dismiss defendants grand jury indictment with prejudice, holding that "the suppression of evidence is a sufficient remedy for prosecutorial misconduct in this case".

In response to the defendant's motion, the district court found that the subpoenas were fraudulent, and that the attorney acted in bad faith in issuing them, because he knew the proper procedure and chose not to follow it. The court concluded that all evidence seized, was obtained in violation of the Constitution and must be suppressed, and that the actions of the attorney amounted to prosecutorial misconduct, for which the remedy is dismissal of the indictment with prejudice.

## Conclusion

The central issue is whether dismissal with prejudice is an appropriate remedy when prosecutorial misconduct results in illegally seized evidence. See United States v. Ken, 509 F. 2d 1273 (6th Cir 1975). The American Bar Association Standards, states that: "It is unprofessional conduct for a prosecutor to

secure the attendance of people for interviews by use of any communication which has the appearance of Color of a Subpoena." 1 ABA, Standards of Criminal Justice, The Prosecution Function, 3-3.1(d)(2d ed. 1980). The use of a subpoena or a document that looks like a subpoena for conducting pretrial interviews is unauthorized. The IRS new releases indicate that special agents are instructed to, upon initial contact with the taxpayer subject to produce their credentials, identify themselves, and state that one of their functions is to investigate possible criminal violations of the Internal Revenue Laws. The taxpayer party must also be advised that anything he says may be used against him, and that he has the right to remain silent and the right to seek counsel before responding to any questions.

In the instant case, agents chose not to comply with any of his own agency directives, save after arresting the defendant on March 27, 2024, and subsequently sent the defendant a summons to report for Jury Duty on February 24, 2024. Title 26 Section 7602(c), expressly prohibits that: "No summons may be issued under this Title, and the Secretary may not begin any action to enforce any summons, with respect to any person, if a Justice Department referral is in effect with respect to such person."

For these and all of the foregoing reasons, the defense moves this honorable court for an order of dismissal with prejudice, or alternatively, In Limine to exclude the governments agents evidence and testimony, and including Rule 404(b) Federal Rules of Criminal Evidence.

Respectfully Submitted,

Without Prejudice,

By: /s/ Christopher Eugene Guilford
CHRISTOPHER EUGENE GUILFORD

# CALIFORNIA JURAT

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California                    )

County of _____ KERN _____            )

Subscribed and sworn to (or affirmed) before me on this __22nd__ day

of __OCTOBER_____ , 20 __24__ , by __CHRISTOPHER Eugene__

__Guilford_____ ,

proved to me on the basis of satisfactory evidence to be the person(s)

who appeared before me.

A. DEANDA
Notary Public - California
Kern County
Commission # 2372600
My Comm. Expires Aug 28, 2025

(Seal)

Signature _____

## Optional Information

Although the information in this section is not required by law, it could prevent fraudulent removal and reattachment of this jurat to an unauthorized document and may prove useful to persons relying on the attached document.

**Description of Attached Document**

This certificate is attached to a document titled/for the purpose of

containing _____ pages, and dated _____

**Additional Information**

**Method of Affiant Identification**

Proved to me on the basis of satisfactory evidence:
○ form(s) of identification    ○ credible witness(es)

Notarial event is detailed in notary journal on:
Page # _____    Entry # _____

Notary contact: _____

**Other**
☐ Affiant(s) Thumbprint(s)    ☐ Describe: _____

© Copyright 2007-2017 Notary Rotary, PO Box 41400, Des Moines, IA 50311-0507. All Rights Reserved.    Item Number 101884.  Please contact your Authorized Reseller to purchase copies of this form.

Exhibit B

07/18/2024

**RECEIVED**

United States Courts
Office of the Clerk
2500 Tulare Street, Room 1501
U.S. Courthouse Building
Fresno, California 93721

AUG 01 2024

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY CLERK

Re: Case No. 1:24-cr-00022-JLT-SKO

**Request of the United States District Court Eastern District of California to issue a court order of dismissal for lack of jurisdiction against the United States Attorney indictment and all other correspondences and claims for every year in question and attempt at compelled jurisdiction association.**

On February 22, 2024 information was filed to the clerk to required my presence in your jurisdiction by (1) filing an indictment unlawfully returned. It was an unlawful order because I was not subject to the limited jurisdiction the U.S. Attorney and IRS are only authorized to operate within. I am an American National (one who is not a statutory 'U.S.' Person) who has no domicile within any federal jurisdiction. I do not derive any income from being engaged in the conduct of a trade or business' (the performance of the functions of a public office). Within the united states (defined by Blacks Law Dictionary, 26 U.S.C. 7408 (d), 7701 (a)(9) & (a)(10) to mean the District of Columbia only).

American Nationals so described are 'Non taxpayers' for the subtitle 'a' federal income tax as no liability exists per 26 CFR section 1.871-1 (a) and no liability exists per 31 U.S.C. section 321 (d)(1)/(2) gift or bequest. Your warrant was intended to draw me into the territorial jurisdiction for the express purpose to allow the U.S. courts and by extension the IRS, to impose the federal income tax that has been levied only upon the National government per the legislative intent of the 16th Amendment, written by former POTUS William H. Taft on June 16, 1909. Therefore, the federal income tax is only applicable within the jurisdiction of the statutorial "United States" meaning the District of Columbia as previously stated.

I exist outside the statutory United States' as an American National [non-resident alien, non U.S. person] with no taxation nexus to the jurisdiction of the U.S. Tax court, the Statutory "United States" [26 USC section 7408 (d)].

This court must refrain from exercising jurisdiction over such claims under the Younger Abstention Doctrine. See Amanatullah v. Colo. Bd. of Med. Examiners, 187f.3d 1160,1163 (10ᵗʰ cir. 1999). Younger Abstention dictates that "[A] federal court must abstain from exercising jurisdiction when: (1) there is an ongoing state criminal, civil or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

Respectfully,
by.
Christopher E. Guilford
without prejudice

1
2
3
4
5
6
7
8
9          Exhibit C
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

08/08/2024

United States Courts
Office of the Clerk
2500 Tulare Street Room 1501
U.S. Courthouse Building
Fresno, California 93721



RECEIVED

AUG 15 2024

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____DEPUTY CLERK

Re: Case No.: 1-24-cr-00022-JLT-SKO

**Request motion before the United States District Court Eastern District of California to issue a Court
Order of Dismissal for Failure to State an Offense and Lack of Specificity, against the United States
Attorney Superseding Indictment and all correspondences and claims for the years in question.**

### Summary and Introduction

This case comes before the Court now, the Defense' current motion to dismiss a thirteen-count
indictment returned against him on February 22, 2024, by the Grand Jury for the Eastern District of
California. On February 22, 2024, a Grand Jury charged defendant, Christopher Eugene Guilford, with
False Claims Against the United States in violation of 18 U.S.C. Section 287 (one count), 26 U.S.C.
Section 7206(1) Filing a False Tax Return (nine counts), 26 U.S.C. Section 7301, 7302, Title 28 U.S.C.
Section 2461 (c) Criminal Forfeiture.

### Legal Standard

Under Rule 12(b)(3) of the Federal Rules of Criminal Procedure; Rule 12(b)(3) Reads as follows:
Motions that must be made before trial, the following defenses, objections, and requests must be raised
by pretrial motion if the base for the motion is then reasonably available and the motion can be
determined without trial on the merits: (B)(iii) lack of specificity; and (B)9v) failure to state an offense.

In support of the defendant motion to dismiss, defense argues that the court lack federal subject matter
jurisdiction to hear the complaint because the United States Attorney Indictment failed to specify the
acts grounded in their claim of any false material elements regarding the returns in question. The
allegedly false documents identified in the indictment are forms 1041 filed with the IRS for the tax
years 2017, 2018, 2019, 2020,and one 1040 for 2019.

### Discussion

The internal Revenue Code mandates that no suit for a refund may be brought in any court until a claim
for a refund has  been filed with the Secretary of Treasury in accordance with Treasury regulations.
Section 7422 (a) of Title 26 of the United States Code provides in relevant part: no suit or proceeding
will be maintained in any court for recovery of any internal revenue tax alleged to have been
erroneously or illegally assessed or collected without authority, or any sum alleged to have been

excessive or in any manner wrongfully collected, until, a claim for a refund or credit has been duly filed with the Secretary.  According to provisions in that regard, and the regulations established in pursuance thereof.

Under Section 7422(a) of Title 26 U.S.C. the statue regulations promulgated require specificity as to each ground for which a refund is claimed: no refund or credit will be allowed after the expiration of the statutory period of limitation applicable to the filing of a claim thereof except upon one or more grounds set forth in a claim filed before the expiration of such period.  The claim must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the commissioner of the exact basis thereof.

The statement of the facts and the grounds must be verified by written declaration that is made under penalty of perjury.  Claim which does not comply with this paragraph will not be considered for any purpose as a claim for refund or credit. 26 C.F.R. Section 301.6402-2(b)(1) (Emphasis Added)  Compliance with these specific statuary and regulatory provisions is a prerequisite to federal subject matter jurisdiction over a claim for refund.  Quarty vs. United States, 170 F.3d 961, 972 (9th Cir. 1999).

Lines 4 and 5 on page 3, under count 1 of the indictment states: "among other things, which is ambiguous; the statute mandates specificity.  And in counts Two through Ten, the statement "He did not believe to be true and correct as to every material matter, is speculative.  Law states than "an inference based upon speculation or conjecture does not create a material factual dispute sufficient to defeat summary judgment" Halsey v Pfeiffer, 750 F.3d 273, 287 (3d Cir. 2014).

The defense challenges these counts on the grounds they fail to adequately show any particular material matters specifically targeted as false, not allowable or unjustifiable.  The Rule is that in such cases, the counts must stand alone in determining whether they adequately inform the defendant of the offense which he is alleged to have committed.  Davis v United Stats, 357 F. 21d 438 440 (CA. 5, 1966).

Defense contends that an expert review of the accompanying 1096 Forms for the relevant years 1041 forms would assure reviewers that the organization believed we indeed were entitled to refunds.  Defense also contends that the claims the executor represented on the returns were accurate and specific to each material matter, and that the reimbursements were counted as income in good faith, and that although they have been negligent and careless in their follow through of the lawsuit, they completely relied on the IRS code regulations in the full disclosure of the taxable income for those years.  The government needs to prove the defense knew the claim was false, however guilty knowledge may not be established by demonstrating the defendant was merely negligent, foolish or mistaken,  If you ind the defendant actually believed the statement was true, then he must be acquitted.  The defendant would not be guilty if for example the defendant believed his assertion he had no "citizenship in the United States" under the Internal Revenue Code or if he believed he was entitled to a proper refund in the amount requested under the Internal Revenue Code and regulations (U.S. Wallace NY. 40 f. Supp. 2D 131 E.D. Ny. 1999).

Respectfully

By:_____
Christopher Eugene Guilford

**Christopher Guilford, 07094511**
**Central Valley Annex**
**254 Taylor Ave**
**McFarland, CA 93250**

Exhibit D

09/04/2024

United States Courts
Clerk of the Court
2500 Tulare Street, Room 1501
U.S. Courthouse Building
Fresno, California 93721

Re: Case No.: 1-24-cr-00022-JLT-SKO

Motion before the United States District Court Eastern District of California to Issue a Court Order of Dismissal for Rule 12(b)(3)(A)(v), for a defect in instituting the prosecution, including an error in the Grand Jury proceeding, or Preliminary Hearing.

## Summary and Introduction

This case comes before the Court now, the Defense motion to dismiss a thirteen-count indictment returned against the Defense on February 22, 2024 by the Grand Jury for the Eastern District of California. On February 22, 2024, a Grand Jury charged (GUILFORD), with False Claims Against the United States in violation of 18 U.S.C. Section 287 (one count), 26 U.S.C. Section 7206(1) Filing a False Tax Return (nine counts) 26 U.S.C. Section 7301, 7302, Title 28 U.S.C. 2461(c) Criminal Forfeiture.

### Legal Standard

The Confrontation Clause of the Sixth Amendment to the Constitution of the United States of America states, "In All criminal prosecutions, the accused shall enjoy the right to be confronted with the witnesses against him. Crawford v. Washington, 124 S. Ct. 1354, 158 L. Ed. 2D 177, 541 U.S. 36 (2004). A right, as stated in Al-Kidd 563 U.S. 731, 735, (2011), is clearly established where there is applicable Supreme Court precedent, or where "existing precedent has placed the statutory or Constitutional question beyond debate. The adequate remedy at law is Rule 12(b) of the Federal Rules of Criminal Procedure which permits motions to dismiss charges for defects in the institution of the prosecution. (b) Pretrial motions: any defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion. Motions may be written or oral at the discretion of the judge. The following must be raised prior to trial: (1) Defenses and objections based on defects in the institution of the prosecution.

### Discussion

In the instant case, the defense contends that he was deprived of his right to testify before the Grand Jury, and In People v. Seward, 273 N.Y. S. 2d. 306, 51 Misc 2d 415 (NYC. Cty Ct. 1966), the statute further provides that if an indictment is found against such people, without having given such people the right to testify, that the indictment shall be set aside by the Court upon motion by the defendant.

On February 22, 2024, a Grand Jury returned an Indictment in the Eastern District of California, Sealed, and requiring the presence of the defendant without notice, and in direct violation of the aforementioned Sixth Amendment right Guaranteed by the Constitution of the United States of America. Title 26 Section 7602(c), prohibits that the IRS may not issue a summons once it has recommended prosecution to the Justice Department, United States v. Stewart, 489 U.S. 353, 362-63 (1989).

On or about February 24, 2024 the defendant contends that he received a summons to appear for Jury Duty, to which he contacted the sender by fax, responding from the UPS Store on South Sunset Road, in Henderson, Nevada in the Green Valley Shopping Center, at the intersection of Green Valley parkway and Sunset Road; United States v. Rey, 811 F. 2d 1453, 1457 N.5 (11th Cir. 1987), held that "A court may take judicial notice of it's own records." And, after sending an Affidavit of Tax Exempt Foreign Status, the defendant further contends that he was subsequently arrested at his home on March 27th 2024.

As a matter of substantive law, the District Court committed error in denying his right to challenge the summons on the "appropriate ground" that the material was sought for the improper purpose of obtaining evidence for the use in a criminal prosecution. The Supreme Court has declared that people are "entitled to challenge the issuance of a summons in an adversarial proceeding in federal court prior to enforcement, and may assert appropriate defenses". United States v. Euge, 444 U.S. 707, 719, 100 S. Ct. 874, 882, 63 L. Ed. 2D 141 (February 20, 1980), see note, The Institutional Bad Faith Defense to Enforcement of IRS Summons, 80 Columbia L. R. 621 (1980).

The Court noted in Donaldson, that a summons must be issued in Good Faith, and prior to recommendation of criminal prosecution. Donaldson v. United States, 400 U.S. 517, 535, 91 S. Ct. 534, 27 L. Ed. 2d. 580 (1971). Under its supervisory powers, a court may dismiss an indictment for prosecutorial misconduct if the defendant was prejudiced by such misconduct. Bank of Nova Scotia v. United States, 487 U.S. 250, 255-56 (1988). Prejudice is shown and "dismissal of an indictment is appropriate if it is established that the violation substantially influenced the grand jury decision to indict or if there is 'grave doubt' that the decision to indict was free from substantial influence of such violations. Id. At 256 (quoting United States v. Mechanik, 475 U.S. 66, 78 (1986).

In the third circuit, it is well settled that a court my dismiss an indictment for presecutorial misconduct upon a showing of actual prejudice. Gov't of V.I. Fahie, 419 F. 3d 249, 259 (3rd Cir. 2005). Dismissal of an indictment may also be proper even when no actual prejudice is shown "if there is evidence that the challenged activity was something other then an isolated incident unmotivated by sinister ends, or that the type of misconduct challenged bas become "entrenched and flagrant in the circuit" United States v Serubo, 604 F. 2d 807, 817 (3d Cir. 1979). Under Federal Rules of Crimail Procedure 52(b): a plain error that affects substantial rights may be considered even thought it was not brought to the courts attention. United States v. Young, 470 U.S. 1, 15, 105 S. Ct. 1038, 84 L. Ed. 2D 1 (1985) held that Rule 52 (b) authorizes the courts of appeals to correct particularly egregious errors, those errors that seriously affect the fairness, integrity or public reputation of judicial proceedings.

The first amendment privilege in the jury translates to an "option of refusal, not a prohibition of inquiry. United States v. Burr, 24 F. Cas. 38 (C.C.D. VA. 1807). (opinion of Marshall, C.J.; Garner v. United States, 424 U.S. 648, 96 S. Ct. 1178, 47 L. ED. 2D 370 (1976).

For these and all of the foregoing reasons the defense moves this honorable court for a complete and utter dismissal of the indictment.

Respectfully,
Without Prejudice

By: _____
Christopher Eugene Guilford

0709457l

Central Valley Annex
254 Taylor Ave.
Mc Farland, CA 93250

# CALIFORNIA JURAT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California                    )

County of _KERN_                       )

Subscribed and sworn to (or affirmed) before me on this _6TH_ day

of _September_, 20 _24_, by _CHRISTOPHER Eugene_

_GUILFORD_,

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

A. DEANDA
Notary Public - California
Kern County
Commission # 2372600
My Comm. Expires Aug 28, 2025

(Seal)

Signature _____

---

## Optional Information

Although the information in this section is not required by law, it could prevent fraudulent removal and reattachment of this jurat to an unauthorized document and may prove useful to persons relying on the attached document.

### Description of Attached Document

This certificate is attached to a document titled/for the purpose of

containing _____ pages, and dated _____.

**Additional Information**

Method of Affiant Identification

Proved to me on the basis of satisfactory evidence:
○ form(s) of identification   ○ credible witness(es)

Notarial event is detailed in notary journal on:
Page # _____ Entry # _____

Notary contact: _____

Other _____

☐ Affiant(s) Thumbprint(s)   ☐ Describe: _____

right 2007-2017 Notary Rotary, PO Box 41400, Des Moines, IA 50311-0507. All Rights Reserved.    Item Number 101884.  Please contact your Authorized Reseller to purchase copies of this form.

Exhibit E

10/21/2024

United States Courts
Clerk of the Court
2500 Tulare Street
U.S. Courthouse Building
Fresno, California 93721

Re: Case No.: 1-24-cr-00022-JLT-SKO

Notice of Motion and Motion before the United States District Court Eastern District of California to issue a Court Order of Dismissal for Failure to State a Claim, against the Superseding Indictment in this Case and All other correspondences and claims for every year in question.

## Summary and Introduction

This motion comes now before the court, the defense' motion to dismiss the current superseding indictment returned on February 22, 2024, by the Grand Jury for the Eastern District of California. On February 22, 2024, a Grand Jury charged, Christopher Guilford (GUILFORD), with false claims against the United States in violation of 18 U.S.C. section 287 (one count), 26 U.S.C. section 7206(1) Filing a False Tax Return (nine counts), 26 U.S.C. section 7301, 7302, Title 28 U.S.C. section 2461(c) Criminal Forfeiture.

## Legal Standard

Under Rule 12(b)(3) of the Federal Rules of Criminal Procedure, Rule (12)(b)(3), reads as follows: motions that must be made before trial, the following defenses objections and requests must be raised by pretrial motion if the basis for he motion is then reasonably available and the motion can be determined without a trial on the merits: 12(b)(3)(B)(v) failure to state an offense.

## Discussion

Generally, the government begins its tax collection process by sending the people a notice of deficiency which shows the basis and the amount of tax due. Title 26 U.S.C. section 6212(a). But when the "assessment or collection of a deficiency will be jeopardized by delay, "the government may make a jeopardy assessment by sending a Notice of Assessment (also called a collection notice) under 26 U.S.C. section 6303 before sending the Notice of Deficiency.

Under Title 26 U.S.C. section 6861(a), when the government makes a jeopardy assessment, it must also send a section 6212(a) notice of deficiency "within 60 days after the making of the assessment. 26 U.S.C. section 6861(b). The government is not entitled to the presumption of correctness, in sending either a notice of jeopardy or a notice of deficiency. In, United States v. Bell, 326 F. 2d 898 (4th Cir. 1964), the court held, that jeopardy assessment under 6861(a) is not valid without both a section 6303 notice and a 6212 notice. The court held that the jeopardy assessment was invalid because the government failed to prove it send a notice of deficiency.

The defense con conclusively assert at this time that the matter as to whether the government met it's obligation is questionable, but they do not recall receiving any such Notice of Deficiency.

In Commissioner of IRS v. Stearns, Supra, it was held that the words "properly paid" and "credited" are equivalents to each other and mean that the "income must be so definitely allocated to the legatee as to be beyond recall" and that "distributions at the discretion of the fiduciary, must be actually made, or irrevocably fixed before they became the beneficiaries' as of right." 65 F. 2d at 373. So, such amounts are income to the beneficiaries only if "he has become presently entitled to them or received them."

Title 26 U.S.C. sections 661(a), 662(a) and section 663 of the Revenue Code of 1954: section 661(a), allows an income deduction to the estate for "amounts properly paid", "credited" or "required to be distributed" for the taxable year, but the deduction shall not exceed the distributable net income of the estate or trust. Under this section: a deduction is allowed...for the sum of (1) any amount of the trust or estate income for the taxable year which is required to be distributed currently, and (2) any other amounts paid, credited, or required to be distributed for the taxable year; however, the deduction allowed under this section may not exceed the distributable net income of the estate or trust for the taxable year.

Title 26 U.S.C. section 166: allows a deduction for "any debt which becomes worthless during the taxable year." The statue distinquishes between business debts, and non-business debts. Bonafide debt requirements defined: as a debt which arises from a debtor/creditor relationship, based on a valid and enforceable obligation to pay a fixed and determined amount of money. Defense hereby asserts once again in writing that all of our claims met these requirements.

Title 26 U.S.C. section 6103: prohibited disclosure of taxpayers federal tax return information. Title 26 U.S.C. 7431 (civil damages for the unauthorized disclosure of return information protected by 26 U.S.C. section 6103. Title 26 U.S.C. section 7431(a) creates a right of action against the United States if a federal employee or official knowingly or negligently violates the confidentiality provisions of 26 U.S.C. section 6103.

Section 6103 states in relevant part: Returns and return information shall be confidential, and except as authorized by [the Internal Revenue Code], no officer or employee of the United States, shall disclose any return or return information obtained by him in any manner in connection with his services, as such an officer or an employee or otherwise under the provision of this section. A Freedom of Information Act (FOIA) request dated October     of 2024, requesting all return information in this matter, including third party information, correspondences, and the like for the relevant years was requested twice under the rules, and according to the exceptions, was as yet not responded to. As a result, the defense request that all such information be suppressed.

The Christopher Eugene Guilford Estate Trust, and The Christopher Eugene Guilford Revocable Trust, respectively seeks refuge in Section 9-402 of the Uniform Commercial Code, which provides that: "the existence of a security interest, or authority given to the debtor to use collateral, without more, does not subject a secured party to liability in contract or tort for the debtors' acts or omissions.  Section 9402 (b) of the California Commercial Code in part here pertinent, provides: "a filed financing statement remains effective with respect to collateral transferred by the debtor, even though the secured party knows of or consents to the transfer; it manifests the intention of the drafters of the Uniform Commercial Code that once a security interest has been duly perfected, the security interest continues notwithstanding an unauthorized sale or other disposition of the collateral.

Title 15 U.S.C. section 7021(d) Transferable Records: "status as a holder: delivery, possession, and endorsement are not required to obtain or exercise any of the rights under this section, and (e) obligor rights; an obligor under a transferable record has the same rights and defenses as an equivalent obligor

Under equivalent records or writings under the Uniform Commercial Code. Under the UCC, a perfected security interest is superior to a judgment lien creditors' claim in the property, see UCC section 9-301, 9-312. Perfection of a security interest in inventory or accounts receivables occurs only when a financing statement is filed, UCC section 9-302, and when it has attached, UCC 9-303(1).

Attachment requires an agreement, value given by a secured party, and that the debtor have rights in the collateral. UCC section 9-204 thus when a security agreement exists and filing has occurred prior to the filing of a tax lien to secure advances made after the filing, perfection is, at the least achieved when the secured party makes the advance. When that occurs after the tax lien has been filed, section 6323(d) protects the secured party from the federal tax lien if the advance is made not later than 45 days after the filing of the tax lien or upon receipt of actual notice of the tax lien filing, whichever is sooner.

In Slodov v. United States 436 U.S. 238, 98 S. Ct. 1778, 56 L. Ed 2d 251 (1978), the Supreme Court explained that operation of section 6323(c) : "provides that a tax lien is subordinate to a security interest which came into existence after the tax lien filing, but which is a Commercial Financing Statement… protected under local law against a judgment lien arising as of the time of the lien filing out of an unsecured obligation" Section 6323 (a)(1)(A) and (c)(1)(B): (A commercial transaction agreement includes accounts receivable and inventory section 6323(c)(2)(C)).

The Code specifically subordinates tax liens to interests of certain others in the property generally including those with perfected security interests in the property. For example, the code and established decisional principles subordinate the tax lien to perfected security interests arising after the tax lien filing when pursuant to a security agreement entered into before the filing, and the collateral which is the subject of a purchase-money mortgage regardless of whether the agreement was entered into before or after filing of the tax lien. Decisional law has long established that a purchase money mortgagees' interest in the mortgage property is superior to antecedent liens prior in time. See United States v. New Orleans R. Co., 12 Wall 632, 20 L. Ed. 434 (1871), and therefore, a federal tax lien is subordinate to a purchase money mortgagees' interest notwithstanding that the agreement is made and the security interest arises after notice of the tax lien.

The purchase-money mortgage notice priority is based on recognition that the mortgagees' interest merely reflects his contribution of the property to the tax payers' estate, and therefore does not prejudice creditors' who are prior in time. In enacting the Federal Tax Lien Act of 1966, Congress intended to preserve this priority, H.R. Rep. No 1884, 89th Congress 2nd Section, 4 (1966), and the IRS has since formally accepted that position. Rev. Rul. 68-57, 68-1 Cum. Bull. 553; see also IRS General Counsel's Op. No. 13-60, 7  CCH 1961 Stand. Fed. Tax Rep. P 6307 (1960). 436 U.S. at 257-258 N. 23, 98 S. Ct. at 1791 N. 23 (foot notes omitted) see First Interstate Bank of Utah, N.A. v. IRS, 930 F. 2d 1521, 1523 (10th Cir. 1991). (The general proposition is that a security interest based on the extension of purchase money defeats a previously filed federal tax lien.") Shawnee State Bank v. United States 735 F. 2d 308 (8th Cir 1984). Explaining operation of 45 day safe harbor period.

The Uniform Commercial Code (UCC), and Title 26 U.S.C. section 6323, as amended by the Federal Tax Lien Act of 1966, Pub. L. No. 8979, section 101, 80 Stat. 1125, was in large part adopted in order to "conform the language provisions of the Internal Revenue Laws to the concepts developed in the Uniform Commercial Code." H.R. Rep. No. 1884, 89th Congress, Second Session, 1 (1966).

Under California Law, a lien is created by a contract between the parties or by operation of law. Cal. Civ Code Section 2881. A UCC Financing Statement may be filed, for example, to perfect a security interests created by a security agreement. See. e.g. Cassel v. Kold, 72 Cal. App. 4Th 568, 573, 84 Cal.

Rptr. 2D 878, 800 (Ct. app. 1999). Eastern District of California Local Rule 302(c)(19); Title 28 U.S.C. section 636(b)(1).

The Senate Report states that "the definition of the term purchaser: one who has not taken title to, or fully paid for, property is protected." S. Rep. No. 1708, 89th Congress 2d Session (1966). See also H.R. Rep. No 1884. 89th Congress 2d Session 12 (1966).

According to Plumb and Wright, "one who has entered into a written agreement executor contract to purchase property, or who has obtained an option to purchase property, is given all the protection of a purchaser with title. " Practice Handbook of Federal Tax Liens, p. 66 (1967) (emphasis in original) See also Creedon, The Federal Tax Lien Act of 1966 – An Historic Breakthough, 4 Harv. J. Legis. 163. 177-78 (1967).

For all of the foregoing reasons, and because our organization has security agreements with all of our venders/debtors and because we hold first positions in all of our UCC financing statements with regard to all of the collateral, we ask this honorable court to issue a report and recommendation to the District Court for an order of Dismissal in this matter, with prejudice

Respectfully Submitted

By:

CHRISTOPHER EUGENE GUILFORD

Exhibit F

08/20/2024

United States Courts
Clerk of the Court
2500 Tulare Street, Room 1501
U.S. Courthouse Building
Fresno, California 93721

Re: Case No.: 1-24-cr-00022-JLT-SKO

**Motion before the United States District Court Eastern District Court of California to Issue a Court Order of Dismissal for Vindictive Prosecution, Multiplicity, and Pre-Indictment Delay.**

Summary and Introduction

This case comes before the Court now, the Defense motion to dismiss a thirteen-count indictment returned against the Defense on February 22, 2024 by the Grand Jury for the Eastern District of California. On February 22, 2024, a Grand Jury charged (GUILFORD), with False Claims Against the United States in violation of 18 U.S.C. Section 287 (one count), 26 U.S.C. Section 7206(1) Filing a False Tax Return (nine counts) 26 U.S.C. Section 7301, 7302, Title 28 U.S.C. Section 2461(c) Criminal Forfeiture.

Legal Standard

Under Rule 12(b)(3) of the Federal Rules of Criminal Procedure; Rule 12(b)(3) Reads as follows: motions that must be made before trial, the following defenses, objections, and request must be raised by pretrial motion if the basis for the motion is reasonably available and the motion can be determined without a trial on the merits: (A)(iv) vindictive prosecution; (B)(ii) multiplicity; and (A)(ii) pre-indictment delay.

Discussion

Protections against vindictive prosecution are based on the premise that while people may be penalized for violating the law, they just as certainly may not be punished for exercising a protected or statutory or Constitutional right. United States v. Goodwin, 457, U.S. 368, 372 (1982). The Defense maintains that the indictment against them should be dismissed because the right to Due Process of law was violated as the prosecution's conduct contained a "realistic likelihood" of vindictiveness, in that charging people with additional criminal actions after they have asserted their rights against initial charges is prohibited; if the Government knew the factual basis for the charges at the time of the initial decision to indict. Blackledge v. Perry, 417 U.S. 21, 94 S. Ct. 2098 40 L. Ed. 2D 628 (1974).

Where a defendant has exercised their rights, and the prosecutor, on the very facts, has indicted them on more serious charges, vindictiveness my be presumed. United States v. Johnson, 5376 F 2d 1170 (4th Cir. 1976); And in, United States v. DeMarco, 550 F. 2d 1224 (9th Cir. 1977), the Government obtained a superseding indictment on the same facts as the original indictment. These facts were known to the Government before the first indictment was obtained. The Court of Appeals held that Due Process required dismissal of the new indictment.

In United States v. Andrews 612 F. 2d 235 (6th Cir. 1979), the defendants were allowed to make bail, despite the Governments request that they not be allowed to. The Government had obtained a superseding indictment with a conspiracy count on the identical facts. The conduct was held to be impermissably vindictive. It would seem apparent to a critical thinker familiar with the instant case that

the foregoing facts all but carbon copy the same challenges the defense faces, and are pertinent to the relevant references applied here. The Supreme Court noted in LaSalle, 437 U.S. at 316-317, 98 S. Ct. 2357, that 'Bad Faith' on the institutional level would be shown analogously if the I.R.S. were acting as a conduit for the Justice Department, or if the I.R.S. were trying to evade the prophylactic rules by delaying formal referral for the prosecution after the decision had been made until the summons had been enforced, solely to gather additional information for the prosecution.

The Defense again asserts these are the same set of circumstances they are forcibly being faced with. An indictment is multiplicitious if it charges a single offense in several counts. United States v. Thompson, 624 F. 2d 740 (5th Cir. 1980), if taken as true, then a charge under Title 26 U.S.C. Section 7206(1) Filing a False Tax Return, must be dismissed as a lesser included offense of an offense under Title 18 U.S.C. Section 287, Filing a False Claim Against the United States, as is the same case the Defense is facing currently. See. United States v. Ehle, 640 F. 3d 689, 696 ( 6th Cir. 2011) (holding that a conviction under two statutory provisions violates the Double Jeopardy Clause where one constituted a lesser offense of the other. Again, applying logic would lead one to find these same counts multiplicitious.

It would appear from a review of the indictment that counts Five and Six on pages Five and Six both state the same offense in the Two separate counts. It would also appear to show counts committed on the same dates, for the same amounts. This can be taken as obviously vindictive, malicious, or by mistake, but case law states, as stated earlier, that it violates Due Process and Double Jeopardy for the Defense. Again, Counts 7 and 8 on pages Six and Seven of the indictment, although they display different dates, they display the Same amounts; and it would appear the Defense filed eleven tax returns in five years; and that is misleading.

Thus, the Defense has reason to believe that counts Two and Four are also multiplicious, because of the amounts and the dates seemingly or apparently are overly conspicuous as to their sparse placements in the indictment. A multiplicious indictment charges the same offense in two or more counts and may lead to multiple sentences for a single violation, a result prohibited by the Double Jeopardy Clause. United States v. Pellen, 978 F. 2d F8, 83 (3rd Cir. 1982).

Defense contends that due to the obviously willfully wanton, and knowingly reckless manner the indictment was constructed, it not only deprives the Defense of Due Process protections against Double Jeopardy, it is vindictive, malicious, and it undermines the integrity of the process. The conduct of the prosecution is deliberately and intentionally misleading and should, for all of the foregoing reasons, be dismissed in it's entirety.

Respectfully,

By:

Christopher Eugene Guilford

Without Prejudice

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California )

County of _KERN_ )

Subscribed and sworn to (or affirmed) before me on this _22nd_ day

of _August_ , 20 _24_ , by _CHRISTOPHER GUILFORD_

_____ ,

proved to me on the basis of satisfactory evidence to be the person(s)
who appeared before me.

A. DEANDA
Notary Public - California
Kern County
Commission # 2372600
My Comm. Expires Aug 28, 2025

(Seal)

Signature _____

## Optional Information

Although the information in this section is not required by law, it could prevent fraudulent removal and reattachment of this jurat to an unauthorized document and may prove useful to persons relying on the attached document.

### Description of Attached Document

This certificate is attached to a document titled/for the purpose of

containing _____ pages, and dated _____ .

**Additional Information**

Method of Affiant Identification

Proved to me on the basis of satisfactory evidence:
○ form(s) of identification    ○ credible witness(es)

Notarial event is detailed in notary journal on:
Page # _____   Entry # _____

Notary contact: _____

Other _____

☐ Affiant(s) Thumbprint(s)   ☐ Describe: _____

© Copyright 2007-2017 Notary Rotary, PO Box 41400, Des Moines, IA 50311-0507. All Rights Reserved.    Item Number 101884.  Please contact your Authorized Reseller to purchase copies of this form.

Exhibit G

10/14/2024



United States Courts
Clerk of the Court
2500 Tulare Street, Room 1501
U.S. Courthouse Building
Fresno, California 93721

Re: Case No.: 1-24-cr-00022-JLT-SKO

Notice of Motion and Motion before the United States District Court Eastern District of California to Issue a Court Order of Dismissal or Alternatively, In Limine to Exclude Government Agents' Evidence and Testimony, and for Rule 404 (b) and 801(c) of the Federal Rules of Criminal Evidence.

### Summary and Introduction

This comes before the Court now, the Defense motion to dismiss a thirteen-count indictment returned against the defense on February 22, 2024 by the Grand Jury for the Eastern District of California. On February 22, 2024, a Grand Jury charged (GUILFORD), with False Claims against the United States in violation of 18 U.S.C. Section 287 (one count) 26 U.S.C. Section 7206(1) Filing a False Tax Return (nine counts) 26 U.S.C. Section 7301, 7302, Title 28 U.S.C. 2461(c) Criminal Forfeiture.

### Legal Standard

At these proceedings the government bears the burden of establishing that: (1) the summons was issued in an investigation being conducted pursuant to a legitimate purpose; (2) the information summoned is relevant to the investigation; (3) the information sought is not already in the IRS' possession; and (4) the administration steps required by the Internal Revenue Code have been followed. See U.S. v. Powell, 379 U.S. 48, 57-58, 85 S. Ct. 248, 13 L. Ed. 2D 112 (1964). The governments' burden, while not great, is not non-existent; United States V. Goldman 637 F. 2d 664, 667 (9ᵗʰ Cir. 1980). The agents mere assertion of relevance may not satisfy the governments' burden. See id. "Once a summons is challenged, it must be scrutinized by a court to determine whether it seeks information relevant to a legitimate investigative purpose. The cases show that the federal courts have taken seriously their obligation to apply this standard to fit particular situations, either by refusing enforcement or narrowing the scope of the summons." Goldman, 637 F. 2d at 668 Citing United States v. Bisceglia, 420 U.S. 141, 146 95 S. Ct. 915, 43 L. Ed. 2d. 88 (1975).

The Court may inquire into the reasons for the examination so as to prevent abuse from the enforcement of a summons. See Goldman, 637 F. 2d at 666. Once the government meets its initial burden, the burden shifts to the taxpayer to show that enforcement of a summons would be an abuse of the courts process, or that the summons was issued for an improper purpose. See Barker, 1990 WL 141959 at *1. The IRS has broad investigatory powers that are set forth in section 7601 of the Internal Revenue Code. See Title 26 U.S.C. Section 7601-7610. The principle provision is section 7602, which permits the IRS to issue a summons to compel production of books and records and/or to take the testimony of the taxpayer party for any statutorily authorized purpose. See 26 U.S.C. section 7602.

Discussion

The defense motion is founded upon the decision of the fourth circuit court of United States v. Heffner, 420 F. 2d. 809 (1970), and the first circuit court court in United States v. Leahey, 434 F. 2d 7 (1970. In Heffner, that court reversed the tax fraud conviction "because the agent had not warned the defendant that he agent was investigation the possibility of criminal tax fraud, nor did the agent advised the defendant that he could retain could retain counsel 420 F. 2d at 810. The court held that an agency of the government must scrupulously observe rules, regulations, or procedures which it has established. When it fails to do so, it's action can not stand and the courts will strike it down. This doctrine was announced in United States Ex. Rel. Accardi v. Shaughnessy, 347 U.S. 260, 74 S. Ct. 499, 98 L. Ed. 681 (1954).

The defendant has indeed shown both the governments' control over specific evidence and bad faith, in his motion to dismiss for Rule 12(b)(3)(A)(v) dated 09/04/2024, as to the prohibited decision to summons him to a Jury trial after making recommendation to the Department of Justice to indict him, and by subsequently arresting him at his home without first properly notifying him that his tax returns were under review and investigation. Defense hereby request for the record an evidentiary hearing and for all interrogatories, and fro a re-determination on finding probable cause. An evidentiary hearing is required in regard to any claims that are supported by specific factual allegation unrepelled by the record, and that would warrant relief if true. (Evan v. State, 117 Nov. F09, 621, 28 p. 3d 498, 507 (2001); and Grand Jury proceeding maybe challenged by filing a motion for a new finding of probable cause on the grounds defendant was denied a substantial procedural or Constitutional right.

The tenth circuit has observed that to be entitled to hearing the taxpayer party must have "factually opposed the governments' allegations, United States v. Balanced Financial Management, Inc., 769 F. 2d 1440, 1444 (10th Cir. 1985). A taxpayer is not entitled to an evidentiary hearing unless he or she presents some "minimum amount of evidence" to support a contention of a lack of good faith. Accordingly, federal agencies and their agents must substantially comply with the written rules, regulations, policies, and procedures governing the investigation of tax crimes. (citing United States v. Matthews, 464 F. 2d 1268, 1269-70 (5th cir. 1972).

The foregoing, in addition to missing exculpatory evidence in earlier motions described by the defendant deprives the defense of critical information and documents that could provide for impeachment of testimony and the missing material in this case are inextricably linked with the question of defense innocence. The defense thus conclusively asserts that the government, from the outset, acted in bad faith, by violating it's own guidelines, by obtaining evidence and thereby violating defense due process and constitutional rights.

In Rodgers v. United States, 158 F. Supp 670 (S.D. Cal. 1958), it was held that, "Every defendant must necessarily have the unfettered right under any conceivable set of facts, to present to the court for a hearing and determination, in an orderly manner his contention that evidence has been obtained in violation of his constitutional rights is in the possession of federal officers, and that such officers propose to use such evidence against him and the moving party has a plain, speedy and adequate remedy at law by filing a post indictment motion (reference found in Rule 41(e)). Title 18 U.S.C. Section 2518 (10)(a): states, any aggrieved person in any trial, hearing or proceeding in or before any court, department, officer, agency, regulatory body, or other authority of the United States may move to suppress the contents of any...evidence derived therefrom on grounds that, (iii) "it was not made in conformity with the order of authorization or approval.

IRS Published Procedures subsequent tot he Supreme Court's decision in Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2D 694 (1966), the Internal Revenue Service published two news releases announcing procedures to be followed by special agents of their intelligence division in advising taxpayers of their Constitutional rights. On October 3, 1967, the IRS issued News Release No. 897, which states: In response to a number of inquiries, the Internal Revenue Service today described its procedures for protecting the Constitutional rights of people suspected of criminal tax fraud, during all phases of its investigations.

Investigations of all criminal tax fraud is conducted by special agents of the IRS Intelligence Division. This function differs from the work of revenue agents and tax technicians who examine returns to determine the correct tax liability. Instructions issued to the IRS agents go beyond most legal requirements to assure that people are advised of their Constitutional rights. On initial contact with a taxpayer, IRS special agents are instructed to produce their credentials and state: "As a special agent, I have the function of investigating the possibility of criminal tax fraud."

If the potential criminal aspects of the matter are not resolved by preliminary inquiries, and further investigation becomes necessary, the  special against is required to advised the taxpayer of his constitutional rights to remain silent and to retain counsel. IRS said although many special agents had in the past advised people, not in custody, of their privilege to remain silent and retain counsel, they recently adopted procedures to insure uniformity in protecting the Constitutional rights of all people.

On November 26, 1968, the IRS issued News Release No.: IR-949 stating in pertinent part: "This new procedure goes beyond most legal requirements that are designed to advise people of their rights. One function of a special agent is to investigate possible criminal violations of the Internal Revenue Laws. At the initial meeting with a taxpayer, a special agent is now required to identify himself, describe his function and advise the taxpayer that anything he says may be used against him. The special agent will also tell the taxpayer that be can not be compelled to incriminate himself by answering or producing any documents, that he has the right to seek the assistance of an attorney before responding."

The issue before this court is whether evidence obtained by means of personal interviews with the defendant and examination of his financial records should be suppressed because of the claimed failure of the IRS special agent to undeviatingly follow these published directives of his own agency. In State v. Eder, 103 N.M. 211, 704 P. 2d 465, 1985 NMCA 76 (N. M. App. 1985), The trial court granted defendant's motion to suppress evidence and dismiss defendants grand jury indictment with prejudice, holding that "the suppression of evidence is a sufficient remedy for prosecutorial misconduct in this case".

 In response to the defendant's motion, the district court found that the subpoenas were fraudulent, and that the attorney acted in bad faith in issuing them, because he knew the proper procedure and chose not to follow it. The court concluded that all evidence seized, was obtained in violation of the Constitution and must be suppressed, and that the actions of the attorney amounted to prosecutorial misconduct, for which the remedy is dismissal of the indictment with prejudice.

Conclusion

The central issue is whether dismissal with prejudice is an appropriate remedy when prosecutorial misconduct results in illegally seized evidence. See United States v. Ken, 509 F. 2d 1273 (6th Cir 1975). The American Bar Association Standards, states that: "It is unprofessional conduct for a prosecutor to

secure the attendance of people for interviews by use of any communication which has the appearance of Color of a Subpoena." 1 ABA, Standards of Criminal Justice, The Prosecution Function, 3-3.1(d)(2d ed. 1980). The use of a subpoena or a document that looks like a subpoena for conducting pretrial interviews is unauthorized. The IRS new releases indicate that special agents are instructed to, upon initial contact with the taxpayer subject to produce their credentials, identify themselves, and state that one of their functions is to investigate possible criminal violations of the Internal Revenue Laws. The taxpayer party must also be advised that anything he says may be used against him, and that he has the right to remain silent and the right to seek counsel before responding to any questions.

In the instant case, agents chose not to comply with any of his own agency directives, save after arresting the defendant on March 27, 2024, and subsequently sent the defendant a summons to report for Jury Duty on February 24, 2024. Title 26 Section 7602(c), expressly prohibits that: "No summons may be issued under this Title, and the Secretary may not begin any action to enforce any summons, with respect to any person, if a Justice Department referral is in effect with respect to such person."

For these and all of the foregoing reasons, the defense moves this honorable court for an order of dismissal with prejudice, or alternatively, In Limine to exclude the governments agents evidence and testimony, and including Rule 404(b) Federal Rules of Criminal Evidence.

Respectfully Submitted,

Without Prejudice,

By: /s/ Christopher Eugene Guilford
CHRISTOPHER EUGENE GUILFORD

# CALIFORNIA JURAT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California                    )

County of ___KERN___                   )

Subscribed and sworn to (or affirmed) before me on this __22nd__ day

of __OCTOBER__, 20 __24__, by __CHRISTOPHER Eugene__

__GUILFORD__,

proved to me on the basis of satisfactory evidence to be the person(s)

who appeared before me.

A. DEANDA
Notary Public - California
Kern County
Commission # 2372600
My Comm. Expires Aug 28, 2025

(Seal)

Signature _____

## Optional Information

Although the information in this section is not required by law, it could prevent fraudulent removal and reattachment of this jurat to an unauthorized document and may prove useful to persons relying on the attached document.

### Description of Attached Document

This certificate is attached to a document titled/for the purpose of
_____

containing _____ pages, and dated _____.

**Additional Information**

Method of Affiant Identification

Proved to me on the basis of satisfactory evidence:
○ form(s) of identification   ○ credible witness(es)

Notarial event is detailed in notary journal on:
Page # _____   Entry # _____

Notary contact: _____

Other
☐ Affiant(s) Thumbprint(s)   ☐ Describe: _____

© Copyright 2007-2017 Notary Rotary, PO Box 41400, Des Moines, IA 50311-0507. All Rights Reserved.    Item Number 101884. Please contact your Authorized Reseller to purchase copies of this form.