# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER EUGENE GUILFORD,<br><br>Defendant. | Case No.: 1:24-CR-00022-JLT-SKO<br><br>**ORDER DENYING MOTION FOR JUDGMENT OF ACQUITTAL**<br>**(Docs. 155, 156)** |

Mr. Guilford was indicted last year on charges that he filed a false claim with the government and filed false tax returns, resulting in him receiving more than $1 million unlawfully from the Internal Revenue Service. (Doc. 1) On October 30, 2025, a jury returned guilty verdicts on each of nine counts. On November 12, 2025, Mr. Guilford's attorney filed a motion for judgment of acquittal (Doc. 155) and on November 18, 2025, Mr. Guilford filed his own motion (Doc. 156). For the reasons set forth below, the motions are **DENIED**.

**I.    Background**

Throughout the presentation of the government's case, the prosecution painted a picture of Mr. Guilford as a man who developed a scheme to obtain tax refunds to which he was not entitled. Witness after witness testified about various efforts Mr. Guilford took to create documents that he could submit with his tax returns that corroborated his false claims for refunds.

For example, several witnesses testified that Mr. Guilford was in debt, and they were

taking active efforts to recovery the sums owed. Rather than pay these debts, Mr. Guilford represented to the IRS on tax forms that these debts were amounts owed *to* him. Witnesses testified about attempted purchases Mr. Guilford made or bad checks he issued, which he then used to claim on tax returns and other IRS filings as debts owed to him, or tax amounts withheld from him.

In the motions for judgment of acquittal, Guilford argues that the evidence was insufficient to support the jury's verdict. For the reasons set forth below, the Court **DENIES** the motions (Docs. 155, 156).

**II.     Analysis**

Federal Rules of Criminal Procedure Rule 29(a) allows a defendant to move for judgment of acquittal within 14 days after the entry of the guilty verdict. In reviewing a challenge to the sufficiency of the evidence, the court must ask whether, viewing "the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Hursh,* 217 F.3d 761, 767 (9th Cir. 2000) (quoting *United States v. Hubbard*, 96 F.3d 1223, 1226 (9th Cir. 1996)); see also *United States v. Garrison*, 888 F.3d 1057, 1063 (9th Cir. 2018).

The Supreme Court has established a two-step inquiry for considering a challenge to a conviction based on sufficiency of the evidence. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979). "First, a reviewing court must consider the evidence presented at trial in the light most favorable to the prosecution." *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc) (citing Jackson, 443 U.S. at 319, 99 S.Ct. 2781). "Second, the reviewing court must determine whether this evidence, so viewed, is adequate to allow any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt." *United States v. Katakis*, 800 F.3d 1017, 1023 (9th Cir. 2015) (internal ellipses and quotation marks omitted) (quoting *Nevils*, 598 F.3d at 1164). "[E]vidence is insufficient to support a verdict where mere speculation, rather than reasonable inference, supports the government's case, or where there is a total failure of proof of a requisite element." *Id*. (internal quotation marks and citations omitted). However, "the government does not need to rebut all reasonable interpretations of the evidence that would

1  establish the defendant's innocence, or 'rule out every hypothesis except that of guilt beyond a

2  reasonable doubt.'" *Nevils*, 598 F.3d at 1164 (quoting *Jackson*, 443 U.S. at 326,); see also *United*

3  *States v. Aubrey*, 800 F.3d 1115, 1127 (9th Cir. 2015).

**A. The evidence was sufficient to demonstrate that Mr. Guilford did not have a good faith belief that he was following the law**

At the trial, the government admitted significant evidence that Mr. Guilford knew that he what he did was unlawful. The evidence presented was overwhelming that he had little or no income. This was demonstrated in part, through his numerous accounts that were overdue. These debts included thousands of dollars owed on student loans, on utility bills and on amounts owed to the County of Sacramento. The evidence also showed that he attempted to buy real and personal property by writing checks, which sought to overdrawn accounts with little or no money in them.

Despite that he had virtually no income and had only debts, the evidence showed that he then claimed that the debts and bad checks were amounts withheld by the various entities or debts owed to him, and then Mr. Guilford claimed these amounts as tax refunds.[1] In addition, the IRS repeatedly advised him that he was filing frivolous tax returns, provided him publications and instructions and urged him to withdraw the filings. On two occasions, when he failed to withdraw the returns, the IRS fined him $5,000. The government also demonstrated that before the tax years at issue, Mr. Guilford filed tax returns, which properly reported his earnings, and which complied with the tax code.

The government also presented evidence that Mr. Guilford was submitting tax returns on behalf of his estate despite that, of course, he was not dead. At the same time, he was filing tax returns for himself as an individual and on behalf of his trust. Each of the returns filed by Mr.

---

[1] Notably, in each of the form 1099-A, reflecting debts purportedly owed to Mr. Guilford, the fair market value of the property at issue often was an amount that was ten times that of the claimed debt. These inflated values demonstrate Guilford's concerted and intentional conduct designed to deceive the IRS into believing that, in fact, he was owed tax refunds when he knew that these amounts were false. Also, each of the Forms OIDs and Forms 1099-A submitted by Mr. Guilford to the IRS were prepared by him—many, if not most were handwritten—despite that these forms, if legitimate, would have been prepared by and submitted to the IRS by the entities listed on them. (*See, e.g.,* Ex. 2, at 4-5, Ex 5a at 10, 11, 15, 19, 20, 21, 23)

1  Guilford using these various entities used the same illegal techniques.

2  During this period, Mr. Guilford was opening various business bank accounts, while
3  depositing nominal sums to do so, and claiming the businesses had certain gross sales (*See, e.g.,*
4  Ex. 143) when he did not actually operate any businesses and had no income from them and
5  despite certifying that the "information provided in this Application is correct and complete." *Id*.
6  at p. 3.

7  The evidence demonstrated that Guilford was the person submitting these claims. He
8  rented a post offices box and used them and his home addresses to submit the tax documents to
9  the IRS. He used these addresses when he sought notarization of his filings with the IRS. He
10 signed the tax returns under penalty of perjury knowing they contained false information.

11 All of this evidence when considered together[2], demonstrated a scheme by Guilford to
12 defraud the IRS by making a false claim and submitting false tax returns. The totality of the
13 evidence supports the jury's implicit finding that Guilford did not act out of mistake or confusion
14 over what the law required. Consequently, the Court finds that the evidence, when interpreted in
15 favor of the government, overwhelmingly supports the verdict, because it proves each of the
16 elements for each of the counts at issue in the indictment. Indeed, no ration juror could find
17 otherwise. Thus, the motions for judgment of acquittal (Docs. 155, 156) are **DENIED.**

IT IS SO ORDERED.

Dated:    **December 5, 2025**

UNITED STATES DISTRICT JUDGE

---

[2] Guilford argues in his motion that IRS Agent Christina Rikke did not "refer to any criminal action taken by the defendant or any criminal investigation directly participated in by her, relative to the actions taken by the defendant." (Doc. 156) to the contrary, Agent Rikke testified at length as to the evidence offered by others and the records of the IRS such to place Guilford's acts in context. Though alone her testimony would likely not have been enough to convict him, when considered with all the other evidence in the trial, it was extremely probative of his illegal conduct and the scheme her perpetrated.